# CAUSE._____

**In the United States District Court for the Southern District of Texas**

**Houston Division**

Sharon Moon, on and in behalf of son Antonio Williams and unknown children and heirs,

Plaintiffs

v.

Adrian Garcia, Harris County Sheriff, and his successor, and Harris County Judge Ed Emmett and successors, in their official capacity and personally, and former Assistant District Attorney Lance Long of the Harris County District Attorney's office, in his official and personal capacity,

Defendants

### Complaint and Suit under 42 USC §§§ 1983, 1986, and 1988 for wrongful death of an inmate

1. This action is brought pursuant to USC 42 §§ 1983 and 1988 and pursuant to the provisions of the Fourteenth and Eighth Amendment to the United States Constitution, and the equivalent sections of Texas law for the wrongful death of Antonio Williams as an inmate in the custody of the Harris County Sheriff's Department while in the Harris County jail.

2. The parties are all residents of Harris County, and the Defendant Sheriff is a political sub-division of the Harris County authorities. The Harris County Judge is a political entity, head of the Harris County government, and a sub-division of the State of Texas. The parties may be served at the offices of

Sheriff, Harris County at 1200 Baker St, Houston, Texas 77002, and the County judge may be served at 1001 Preston, Houston, Texas 77002. Mr. Long may be served at his residence in Houston, Texas.

3. Venue is proper in the Houston Division of the Southern District because the incident giving rise to this action occurred in Houston at the Harris County Jail at 1100 Baker St. and 701 San Jacinto under 28 USC § 1391. Jurisdiction is proper under §§ 1331 and 1343 of USC 28. Declaratory relief is authorized under 28 USC §§ 2201 and 2202. Declaratory relief is necessary to determine the rights of the parties.

4. The facts of this incident are as follows: On or about February 19, 2015 at approximately 1:00am, the body of the Plaintiff was discovered hanging in his cell in the Harris County jail. Allegedly, his shoelaces were looped over the exposed ledge of an inset grate in his solitary holding cell in an area called "Administrative Segregation". He was pronounced dead within a short time after being discovered. An autopsy was performed by the Harris County Medical Examiner's Office at the Harris County Forensic Science Center. The results of any investigation have not been made public; however, the authorities have indicated that it believes the death was self-inflicted. Despite regulations prohibiting such items, Mr. Williams was permitted to possess shoelaces even

2

in administrative segregation and while he was receiving psycho-tropic medications for depression.

a. The Plaintiff was in the Harris County Jail on a post-conviction hearing for his conviction of capital murder and sentence of death in the 339th District Court of Harris County, Hon. Maria Jackson presiding. There were an additional two subsequent writs filed on his behalf alleging that Lance Long, a Harris County Assistant District Attorney, had conspired to pressure witnesses to lie about their identification of Mr. Williams as the perpetrator of the capital murder. Mr. Williams was held in isolation in administrative segregation at the jail away from any human contact for 23 hours a day solely because of his status as a TDCJ Death Row inmate. He had minimal human contact, no one monitoring his mental health, medications, or his physical well-being on a regular basis. Mr. Williams was uniquely at risk for suicide due to these cruel and unusual circumstances. The Defendants created this set of circumstances by creating the administrative segregation confinement and failing to implement it in ways that reduced the risks to Mr. Williams and all others like him. Mr. Long created this situation by falsely imprisoning the Plaintiff.

    b. The Plaintiffs, as immediate family members of deceased, bring this action to recover damages for the wrongful death and failure to protect by the Harris County Sheriff's Department, and the Harris County Judge and Mr. Long under their duties pursuant to the Fourteenth Amendment, the Eighth Amendment, and 42 USC §§§ 1983, 1986, 1988.

    c. The Plaintiffs specifically claim that the Defendants, personally, failed to train their employees in proper procedures to prevent self-harm, failed to prevent this harm by the policies they enacted, failed to train their employees in recognizing that Mr. Williams was at risk, and acted under color of law to place him in isolation custody without mental health monitoring, adequate medical care, under cruel and unusual conditions which created the desire to take his own life, and without just cause for imprisonment as Mr. Long sponsored perjured testimony to convict Mr. Williams in the first place, in violation of the due process and equal protection clauses of the Fourteenth and Eighth Amendments to the United States Constitution.

5. The Plaintiffs seek injunctive relief and declaratory relief in the form of an end to all administrative segregation practices in the Harris County Jail, a review by this Court of all such practices and institution of careful monitoring of any

reduced administrative segregation populations with proper mental health monitoring, of all past prosecutions involving Mr. Long in his capacity as an Assistant District Attorney for Harris County, and monetary damages from the Harris County and the officials named in the suit for the wrongful incarceration, failures to protect and infliction of cruel and unusual punishment on Mr. Williams by Harris County officials, and for his false imprisonment due to the perjury suborned by Mr. Long.

6. The Plaintiffs ask for all relief requested above, all just and equitable relief to which the Court finds him entitled and reasonable attorney's fees and costs be awarded to Plaintiff by this Court.

7. The Plaintiff asks for a jury trial.

Respectfully submitted,

_____/P.F. McCann_____

Patrick F. McCann, Attorney for plaintiffs
TBA 00792680
700 Louisiana, Ste 3950
Houston, Texas 77002
713-223-3805
writlawyer@justice.com