UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON MOON, individually and on behalf of son ANTONIO WILLIAMS and unknown Children and Heirs,<br>　　*Plaintiff*,<br><br>v.<br><br>HARRIS COUNTY, and the HARRIS COUNTY SHERIFF, and his successors, in their official capacity and personally.<br><br>　　*Defendants*. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **JURY DEMANDED**<br><br><br><br><br>Civil Action No. H-17-0566<br><br>Chief Judge Lee H. Rosenthal |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

To the Honorable Lee H. Rosenthal, Chief Judge:

Plaintiff Sharon Moon, through the undersigned, submits this First Amended Complaint against Defendant's Harris County and its Sheriff because its policies and policymakers caused the death of her son, Antonio Williams.

STATEMENT OF CLAIMS

(1)    Plaintiff Sharon Moon bring this civil action for compensatory damages against Harris County and its Sheriff for failing to provide adequate mental health

1

care and safe conditions of confinement to her son, Antonio Williams, during his brief incarceration at the Harris County Jail.

(2) Plaintiff also claim that Harris County and its Sheriff, acting through its agents and servants, discriminated against Mr. Williams due to his obvious mental illness, impairments, and severe depression, resulting in his death. As such, the County violated Mr. William's rights under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131) and Rehabilitation Act (29 U.S.C. § 794), which require public facilities, like the county jail, to be accessible and safe to people with disabilities, like Mr. William.

(3) Harris County and its Sheriff also had a longstanding policy, practice, and custom of failing to adequately staff the Harris County Jail, to adequately train its staff, and failing to provide appropriate mental health care to prisoners. In the face of repeated information that their efforts were inadequate, this amounted to deliberate indifference to conditions of which the Sheriff and Harris County were well aware. Thus, Plaintiff bring suit under 42 U.S.C. § 1983 for violating of Mr. William's Eighth and Fourteenth Amendment rights, and for causing his death.

## JURISDICTION AND VENUE

(4) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights).

(5) Venue is proper in this district pursuant to 24 U.S.C. § 1391(b), as the events complained of occurred in this district and division.

## PARTIES

(6) Sharon Moon is the surviving mother of Antonio Williams. She is a resident of Harris County, Texas.

(7) At the time of his death, Antonio Williams had no surviving spouse and his children are unknown. There were no probate proceedings arising from his death, as none were necessary.

(8) Harris County is a political subdivision of the State of Texas. The County funds and operates the Harris County Jail, employs and compensates the jail staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal and state law. The County is a recipient of federal funds. The County can be served through the County Judge, at 1001 Preston Street, Suite 911, Houston, Texas, 77002.

(9) Ed Gonzalez is the elected Sheriff of Harris County, Texas. The Sheriff oversees the operation of the Harris County Jail, employs and trains the jail staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal and state law. The Harris County Jail is a recipient of federal funds. The Sheriff can be served through the Harris County Sheriff's Office at 1200 Baker Street, Houston, Texas, 77002.

## FACTS

(10) Mr. Williams was a death sentenced prisoner who had been bench-warranted from the Texas Department of Criminal Justice – Correction Institutions Divison's (TDCJ-CID) "Death Row", and who was being temporarily housed in the

Harris County Jail (HCJ), to attend post-judgment proceedings concerning his illegal and unconstitutional sentence of death.

(11) Due to the nature of Mr. Williams sentence of death, he was, or should have been, under heightened observation for security and mental health reasons.

(12) Mr. Williams was, in fact, diagnosed as suffering from severe mental health conditions. He frequently experienced persistent and severe depression that interfered with his ability to perform daily tasks, including sleeping. He had been prescribed a regimen of psychotropic drugs before he died.

(13) Mr. Williams TDCJ-CID and HCJ mental health records indicated, or should have indicated, that he was suffering from severe mental health conditions and had been prescribed psychotropic drugs, and that he should have been placed under even more heightened observation than that usually accorded death sentenced prisoners.

(14) Because of Mr. Williams TDCJ-CID and HCJ records indicated severe mental health conditions, Harris County and its Sheriff was aware of his medical condition, including county elected officials and the officers at the jail.

(15) Though his severe mental health condition and disabilities were obvious, the HCJ did not take any steps to provide him with appropriate mental health care.

(16) Instead, Mr. Williams was housed in total isolation under barbaric conditions in the HCJ's administrative segregation units.

(17) Despite the fact that HCJ policy prohibits prisoners such as Mr. Williams who are housed in administrative segregation from possessing items such as shoe laces or razors that can be used to harm themselves or others, Mr. Williams managed to acquire contraband shoe laces.

(18) Despite the fact that HCJ policy did, or should have, required numerous periodic checks or observations on prisoners such as Mr. Williams, it failed to do so.

(19) The County Commissioners and County Judge, the county's chief administrator, were aware of the HCJ problems with respect to its treatment of prisoners with severe mental health conditions from as early as June 4, 2009, but did nothing to address the recurring problem of treating prisoners experiencing severe mental health conditions.

(20) The Department of Justice (DOJ) found serious deficiencies in the jail's policies and procedures, including policies related to providing mental health care to prisoners. The DOJ informed the County Judge, the Sheriff, and the Commissioners Court about the serious problems at the jail.

(21) Despite the large size of the jail's population of inmates suffering from severe mental health conditions, Harris County and its Sheriff consistently failed to adequately staff the jail or train it employees in the treatment of prisoners who experience severe mental health conditions.

(22)   HCJ administrators and few officers assigned to the mental health portion at the jail were either woefully untrained or had no training on providing medical care to prisoners, or accommodating prisoners with mental disabilities.

(23)   During this time, Mr. Williams remained in the County's custody in the HCJ.

(24)   On or about February 19, 2015, at approximately 1:00am, the body of the Mr. Williams was discovered hanging in his cell in the HCJ. Allegedly, his shoelaces were looped over the exposed ledge of an inset grate in his solitary holding cell in an area called "Administrative Segregation".

(25)   Mr. Williams was pronounced dead within a short time after being discovered.

(26)   The autopsy performed by the Harris County Medical Examiner's Office at the Harris County Forensic Science Center has been shrouded in secrecy, and has never been released to the public.

(27)   Harris County and HCJ officials, however, have indicated that Mr. Williams death was self-inflicted and the result of suicide.

(28)   There were several post-judgment proceedings addressing Mr. Williams illegal and unconstitutional death sentence, including one in which two crucial eyewitnesses had recanted their testimony.

(29)   Mr. Williams was just 34 years old.

## CAUSES OF ACTION

### *AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT (AS TO DEFENDANT HARRIS COUNTY)*

(30)     Harris County has been, and is, a recipient of federal funds, and thus covered by the mandate of the Rehabilitation Act. The Rehabilitation Act requires recipients of federal monies to reasonably accommodate persons with mental disabilities in their facilities, program activities, and services and reasonably modify such facilities, services and programs to accomplish this purpose. 29 U.S.C. § 794 (2008).

(31)     Further, Title II of the ADA applies to Harris County and has the same mandate as the Rehabilitation Act. 42 U.S.C. § 12131 *et seq.* (2008).

(32)     The Harris County Jail is a facility, and its operation comprises a program and service, for Rehabilitation Act and ADA purposes.

(33)     For purposes of the ADA and Rehabilitation Act, Mr. Williams was a qualified individual regarded as having a mental impairment (depression) that substantially limited one or more of his major life activities. Defendant Harris County and its Sheriff knew Mr. Williams: was experiencing psychiatric problems. Despite this knowledge, Harris County's officers intentionally discriminated against him, under the meaning of the ADA and Rehabilitation Act, by failing and refusing to accommodate his disability to save his life.

(34)     As alleged above, Harris County and its Sheriff failed and refused to reasonably accommodate Mr. Williams's mental disabilities while in custody, in

violation of the ADA and Rehabilitation Act. That failure and refusal caused his death.

(35) As alleged above, Harris County and its Sheriff violated the ADA and the Rehab Act as it failed, and refused to reasonably modify its facilities, services, accommodations, and programs to reasonably accommodate Mr. Williams's mental disabilities, including not providing any treatment or accommodation for his severe mental health condition. These failures and refusals, which were intentional, proximately caused his death.

(36) Mr. Williams died as a direct result of Harris County's intentional discrimination against him. Accordingly, Plaintiffs are entitled to the maximum amount of compensatory damages allowed by law.

*FOURTEENTH AMENDMENT/EIGHTH AMENDMENT –*
*CONDITIONS OF CONFINEMENT*
*(AS TO DEFENDANT HARRIS COUNTY)*

(37) Harris County consistently failed to provide adequate resources for the safe operation of the jail. High-ranking County officials, including the Commissioners Court and County Judge, knew that the jail was understaffed, failed to provide mental health care to prisoners suffering severe mental health conditions.

(38) The County's policy, practice, and custom was to violate the Eighth and Fourteenth Amendment rights of prisoners at the jail, like Mr. Williams, by denying them meaningful access to mental health care by:

(a) Providing obviously inadequate mental health care to prisoners suffering from severe mental health conditions;

(b) Chronically understaffing the jail, inevitably ensuring inadequate access to mental health care;

(c) Failing to train jailers about the known dangers to prisoners suffering severe mental health conditions;

(d) Failing to supervise Corrections Officers; and

(e) Failing to provide adequate mental health care and treatment to prisoners suffering severe mental health conditions.

(39) These conditions were sufficiently well-known and pervasive to constitute policymakers' intended conditions and practices at the HCJ. These practices and conditions had no legitimate penological purpose.

(40) The jail's system of for providing inmates access to mental health care was known by County policymakers to be wholly inadequate to treat inmates with serious, chronic mental health conditions.

(41) Moreover, the County's final policymakers – the Sheriff and County Judge – had actual notice of Mr. Williams's serious medical condition, and actively chose to take no action to provide him access to necessary mental health care. The Sheriff and County Judge were deliberately indifferent to Mr. Williams's serious mental health treatment needs, and denied him mental health care, causing his death. As the County's final policymakers, their deliberate indifference on the County's behalf violated Mr. Williams's Eighth and Fourteenth Amendment rights,

as if it was official county policy to deny Mr. Williams the protections of the Constitution. The County's deliberate indifference to the serious mental health needs of its prisoners in the jail, like Mr. Williams, caused him to needlessly suffer and die.

## DAMAGES

(42) Plaintiff is entitled to compensatory and punitive damages against Defendants in the maximum amounts allowed by law.

(43) More specifically, as the actions and omissions of Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiff and were the moving force of the wrongful death of Antonio Williams, Deceased, Plaintiff assert claims under 42 U.S.C. § 1983, the ADA and Rehabilitation Act, and the wrongful death and survivorship statutes as specifically pled herein.

(44) More particularly, Plaintiff Sharon Moon in her capacity as heirs-at-law to the Estate of Antonio Williams, assert a survival claim on behalf of the estate, which has incurred damages including, but not limited to, the following:

- past physical pain and suffering;
- past mental anguish;
- loss of services;
- funeral and/or burial expenses; and
- attorneys' fees and costs pursuant to 42 U.S.C. §1988, 42 U.S.C. §12205, or as allowed by law.

(45) Plaintiff Sharon Moon, in her individual capacity asserting wrongful death claims, have incurred damages including, but not limited to, the following:

- past and future mental anguish;

- past and future loss of companionship, society, services, and affection of Antonio Williams; and

- attorneys' fees and costs pursuant to 42 U.S.C. §1988, 42 U.S.C. § 12205, or as allowed by law.

## ATTORNEYS' FEES AND COSTS

(46) Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover attorneys' fees and costs against Harris County and its Sheriff. Plaintiff also request attorneys' fees, costs, and expenses against Harris County and its Sheriff for their ADA and Rehabilitation Act claims, pursuant to 42 U.S.C. § 12205.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will:

- Award compensatory damages against Defendant Harris County;

- Awards pre-judgment and post-judgment interest at the highest rate available under the law

- Find that Plaintiffs are the prevailing party in this case and award them attorneys' fees, court costs, expert costs, and litigation expenses; and,

Grant such other and further relief as appears reasonable and just, to which Plaintiff may be entitled.

DATED this 19th day of March, 2018.

Respectfully Submitted,

/s/ *Patrick F. McCann*

Patrick F. McCann
Law Offices of Patrick F. McCann
700 Louisiana, Ste 3950
Houston, Texas 77002
PH: (713) 223-3805
FAX: (281) 667-3352
COUNSEL OF RECORD FOR
PLAINTIFF SHARON MOON

CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *First Amended Complaint* has been electronically filed with the Clerk of this Court using the electronic case filing system of the court. I further certify that service was accomplished by email and a "Notice of Electronic Filing" was sent to the counsel of record for the defendant's on this date.

DATED this 19th day of March, 2018.

/s/ *Patrick F. McCann*

Patrick F. McCann

COUNSEL OF RECORD FOR
PLAINTIFF SHARON MOON